UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES M. TIBOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-02196 |
| KABBAGE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

    **NOW COMES** James M. Tibor ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Kabbage, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

    1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

**JURISDICTION AND VENUE**

    2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

    3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the actions or omissions giving rise to the claims occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a loan company that specializes in offering personal loans to individuals in need of capital for their small businesses. Defendant is a Delaware corporation that conducts business all across the State of Illinois. Defendant's principal place of business is located at 925B Peachtree Street NE, Suite 1688, Atlanta, Georgia 30309. Defendant collects or attempts to collect, directly or indirectly, loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

6. In August 2017, Plaintiff obtained a personal loan from the Defendant in the amount of $1,400.00 ("subject loan" or "subject debt").

7. Plaintiff and Defendant had many disputes in relation to the subject loan, including but not limited to, the improper attempts to charge Plaintiff's old cancelled bank account.

8. Despite informing Defendant of Plaintiff's new bank account information, Defendant continued to charge Plaintiff's closed bank account resulting in no payment.

9. Consequently, in late November 2017, Defendant began placing collection calls to Plaintiff's cellular telephone number (630) XXX-2187 attempting to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 2187. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

11. Immediately after the calls began, Plaintiff answered the phone and advised Defendant that he has updated his account information and requested that Defendant cease placing calls to his cellular phone.

12. On December 2, 2017, Plaintiff sent Defendant a letter demanding that Defendant cease placing calls to his cellular phone and to instead send Plaintiff all notifications via mail.

13. Specifically, Plaintiff demanded Defendant to: "Stop calling my mobile phone. Immediately. Moreover, I am not past due."

14. Notwithstanding Plaintiff's repeated requests that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 987 harassing phone calls to Plaintiff's cellular phone between December 2017 and February 2018.

15. Plaintiff answered no less than 3 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

16. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

19. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

20. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day on back to back days, and up to 27 times in one day.

21. The phone numbers that Defendant most often used to contact Plaintiff are (385) 707-8364, (808) 638-2596, (224) 347-3243, (206) 708-2674, and (320) 535-3118, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

22. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the finance industry to collect allegedly defaulted loans.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, reduced work productivity, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. Due to the incessant nature of Defendant's phone calls to Plaintiff's cellular phone, Plaintiff was forced to purchase and download a call protect application on his cellular phone.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

32. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

33. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

5

34. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

35. Defendant violated the TCPA by placing no less than 987 phone calls to Plaintiff's cellular phone from December 2017 through February 2018 using an ATDS without his consent.

36. Any prior consent, if any, was revoked by Plaintiff's written revocation and his multiple verbal revocations. As pled above, Plaintiff revoked consent in writing and verbally revoked consent to be called on his cellular phone.

37. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

39. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

40. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, vendors, sureties, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JAMES M. TIBOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

42. Plaintiff restates and reallages paragraphs 1 through 27 as through fully set forth herein.

43. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

44. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

45. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

46. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff.

### a. Unfairness and Deception

47. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff personally through relentless harassing phone calls to his cellular phone attempting to dragoon him into making a payments.

48. It was unfair and deceptive for Defendant to seek to collect the subject debt from Plaintiff after Plaintiff put Defendant on notice both orally and in writing that he no longer wished to receive calls to his cellular phone.

49. It was unfair and deceptive for Defendant to continue to place calls to Plaintiff's cellular phone without his prior consent.

50. It was unfair and deceptive for Defendant to place up to 27 phone calls to Plaintiff's cellular phone in a 24 hour period.

51. It was unfair for Defendant to place or cause to be placed no less than 987 harassing phone calls to Plaintiff's cellular phone from December 2017 through February 2018, using an ATDS without his prior consent with calls taking place several times in one day and on back to back days.

52. Defendant's unfair and deceptive conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular phone. Plaintiff was forced to download and purchase a call protect app incurring costs as a result.

53. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

54. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

55. Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money to obtain a call protect app for his cellular phone in an attempt to quell Defendant's phone calls. However, even purchasing and downloading this application did not stop or deter Defendant from attempting to incessantly call Plaintiff to secure payment on the subject debt.

56. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

57. Upon information and belief, Defendant systematically places an overabundance of harassing phone calls to consumers in Illinois in order to aggressively collect debts assumed to be in default to increase its profitability at the consumers' expense.

58. Upon information and belief, placing harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

59. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with prior express consent, as authorized, and who lawfully cease calling upon requests to stop).

60. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

61. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the never-ending phone calls.

**WHEREFORE**, Plaintiff JAMES M. TIBOR requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Award Plaintiff his actual damages in an amount to be determined at trial;
    c. Award Plaintiff his punitive damages in an amount to be determined at trial;
    d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 27, 2018                                  Respectfully Submitted,

/s/ Marwan R. Daher                                    /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                  Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                Sulaiman Law Group, Ltd
2500 South Highland Avenue                             2500 South Highland Avenue
Suite 200                                              Suite 200
Lombard, IL 60148                                      Lombard, IL 60148
Telephone: (630) 537-1770                              Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                 osulaiman@sulaimanlaw.com